Jason J. THEODOSAKIS, M.D.,
Plaintiff-counter-defendant—
Appellant,

v.

CONTRACT PHARMACAL CORP.;
et al., Defendants,

and

Walgreen Company, an Illinois corpo-
ration; et al., Defendants-coun-
ter-claimants—Appellees.

No. 05–15491.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 28, 2006.

Jeffrey Greenberg, Esq., Leonard Felk-
er Altfeld Greenberg & Battaile, P.C., Tuc-
son, AZ, for Plaintiff–counter–defendant–
Appellant.

Keith Beauchamp, Esq., Lewis & Roca, LLP, Phoenix, AZ, Susan G. Boswell, Esq., Quarles & Brady Streich Lang, LLP, Tucson, AZ, for Defendants.

Joel W. Nomkin, Esq., Perkins Coie Brown & Bain, PA, Phoenix, AZ, for Defendants–counter–claimants–Appellees.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Dr. Theodosakis brought this action alleging false endorsement, trade dress infringement, unfair competition, and false designation of origins in violation of the Lanham Act, 15 U.S.C. § 1125(a), and invasion of privacy, seeking an accounting. Dr. Theodosakis based his claims on a set of labels and other displays used by defendants Walgreen and Pecos to market nutritional supplements that contained compounds touted in Dr. Theodosakis's best-selling books on treating arthritis. The district court did not consider the merits of these claims, ruling the action barred by both the statute of limitations and laches. We agree that under either approach, summary judgment was proper.

▆ The Lanham Act does not contain its own statute of limitations provision, but the general rule in the absence of such a provision in a federal statute is to borrow the most analogous statute of limitations from state law. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 720 n. 17 (9th Cir.2004); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836–37 (9th Cir.2002). The district court properly granted summary judgment against Dr. Theodosakis's claims regardless of which Arizona limitations period applies (the one-year consumer fraud, trademark statute or the three-year fraud statute) because Dr. Theodosakis knew about the potential infringement in late 1997, and did not file suit until 2003.

▆ Dr. Theodosakis argues that the equitable doctrine of laches applies to Lanham Act claims, rather than an analogous statute of limitations borrowed from state law. Even if that were so, the district court did not abuse its discretion in finding that laches barred this action as well. The same period of delay that puts the claims outside the statute of limitations periods establishes presumptive laches. *Jarrow Formulas*, 304 F.3d at 837. Dr. Theodosakis insists that the laches defense is unavailable to defendants because they willfully infringed his rights and are thus barred from the benefit of a laches defense. Even if defendants' original infringement was sufficiently willful to undermine a laches defense, the alleged willful misconduct ceased years before the filing of suit. Particularly given the determinations by the district court that Dr. Theodosakis lacked a good excuse for the delay and that the delay prejudiced the defendants, which Dr. Theodosakis has not challenged, we agree with the conclusion that the delay was unreasonable and sufficient to sustain a laches determination on summary judgment.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.